UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:15-cr-72 |
| | ) | |
| DARRICK VALLODOLID, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION & ORDER

Defendant Darrick Vallodolid has moved for review of a detention order entered by Magistrate Judge Andrew Rodovich. (DE 367; DE 354.) Vallodolid is charged in the second superseding indictment with conspiracy to participate in a racketeering activity in violation of 18 U.S.C. § 1962(d) and conspiracy to possess with intent to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. I held a *de novo* hearing on the motion. In reviewed the indictment, the pretrial services bond report, and the defendant's memorandum prior to the hearing, and at the hearing I heard proffered evidence and argument from the parties. This order sets out and supplements the findings of fact and rulings I made on the record before denying the motion.

Vallodolid is charged with two offenses that have a maximum penalty of life imprisonment. As a result, there is a rebuttable presumption that there is no condition or combination of conditions that would reasonably assure his appearance and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(A). This presumption represents Congress's judgment that people charged with such serious crimes are "likely to

continue to engage in criminal conduct undeterred either by the pendency of charges against them or by the imposition of monetary bond or other release conditions." *U.S. v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). Because Vallodolid has not marshaled sufficient evidence to rebut the presumption that no combination of conditions will assure the community's safety if he is released, he must be detained.

Section 3142(g) sets out four factors to consider in deciding whether there are conditions that would ensure the community's safety or whether a defendant must be detained instead. 18 U.S.C. 3142(g). The first factor is the nature and circumstances of the charged offense, including whether it is a crime of violence or involves narcotics. *See* 18 U.S.C. § 3142(g)(1). Vallodolid is charged with both conspiracy to participate in a racketeering activity—specifically, the Latin Kings nation, with its long history of violence and narcotics activity—and conspiracy to distribute cocaine and marijuana. Accordingly, the first factor weighs heavily in favor of detention.

The second factor is the weight of the government's evidence against Vallodolid. 18 U.S.C. § 3142(g)(2). The government proffered that at least nine witnesses would testify that Vallodolid was a Latin King, including at least six witnesses who would testify that he was an Inca, or a leader/officer within the gang. In addition, the government proffered evidence that as a Latin King, Vallodolid "beat" a new member into the gang after he did a shooting, was involved in killing two rival gang members, burned down the residence of a third rival gang member, sold drugs, and carried and sold firearms.

While all of the government's witnesses are defendants in this case or in related cases and plainly have an interest in currying favor with the government, the fact that there are so many of them makes all the difference. One cooperating defendant might stretch things to fit the government narrative, but the likelihood that multiple witnesses would falsely claim that Vallodolid is or was an Inca in the Latin Kings seems remote. In addition, some of the witnesses will testify about their first hand knowledge of gang-related violence and drug and gun sales by Vallodolid. As a result, the second factor—the weight of the evidence against the defendant—militates strongly in favor of detention.

The third factor is Vallodolid's character, physical and mental condition, family ties, employment situation, financial resources, length of residence in the community, community ties, and criminal history. 18 U.S.C. § 3142(g)(3). To his credit, Vallodolid appears to be a hard worker and has strong family ties. The proffered evidence is that when he was arrested, he was working and had been living with his mother and his pregnant fiancé for five months. On the other hand, he has a lengthy criminal history that includes more than a dozen arrests on charges ranging in severity from disorderly conduct to attempted burglary. In addition, the government proffered evidence that Vallodolid was arrested and charged with possession of an unregistered firearm in 2008, a charge that was ultimately dismissed. On balance, I believe the third factor favors detention.

The fourth factor is the nature and seriousness of the danger to any person or the

community posed by Vallodolid's release. 18 U.S.C. § 3142(g)(4). At the hearing, defense counsel argued that Vallodolid hasn't been involved with the Latin Kings for "some time," the implication being that he is no longer a danger to the community. However, the government proffered evidence that Vallodolid was with another Latin King member when he was arrested for theft in June 2015 and that, in May 2016, he was the driver of a car and in Latin King territory when a female passenger pointed a firearm out of the car at someone else. This proffer persuades me that Vallodolid remains involved with the Latin Kings—and with the violence that emanates from that group. This case is a very serious gang prosecution, and given Vallodolid's criminal history and the way that gangs operate, releasing him would invite additional violence, including violence intended to affect the trial. Nor do I think that home detention and/or daily reporting could sufficiently reduce this risk. For these reasons, this factor weighs heavily in favor of detention.

I have examined the factors in 18 U.S.C. § 3142(g) and find by clear and convincing evidence that no condition or combination of conditions would reasonably ensure the safety of the community. Accordingly, Vallodolid's Motion for Reconsideration of Detention Order (DE 367) is **DENIED.**

**SO ORDERED.**

ENTERED: September 13, 2016.

                                          s/ Philip P. Simon
                                          CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT