UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 2:15-CR-72 |
| | ) | |
| DARRICK VALLODOLID, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the court on the Renewed Motion for Disclosure of Favorable Evidence [DE 892] filed by the defendant, Darrick Vallodolid, on July 14, 2017. For the following reasons, the motion is **DENIED as MOOT.**

*Background*

The defendant, Darrick Vallodolid, has been charged in the Third Superseding Indictment with conspiracy to participate in racketeering activity in violation of 18 U.S.C. § 1962(d) and conspiracy to possess with intent to distribute and to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. Vallodolid has requested that the Government disclose any undisclosed evidence or information known or in its possession, custody, or control that is favorable to Vallodolid and is material to the issues of his guilt, innocence, or sentencing, or which bears upon the credibility of a Government witness.

On June 13, 2017, the Government filed the Notice of Intent to Introduce Enterprise Evidence [DE 824]. The Notice indicated that the Government intends to introduce as evidence at trial that on April 12, 2009, Vallodolid shot and killed Victor Lusinski, who he believed was a rival gang member. Also, on July 7, 2017, the Government filed a second Notice of Intent to

Introduce Enterprise Evidence [DE 875] and the Supplemental Notice of Enhanced Sentencing [DE 876], which included additional overt acts regarding Vallodolid.

In order to investigate the new allegations and prepare for trial, Vallodolid has requested the immediate disclosure of the following evidence:

1. Any and all grants of immunity, favors, or promises of any kind, made to any witness in connection with obtaining his or her testimony or assistance. This includes any plea agreement entered into between the government and the witness, as a result of which the witness is testifying against Defendant in this case, or on behalf of the government at any other trial, grand jury or other proceedings, or is otherwise furnishing information to the government. Also requested are any requests for authorization from the Department of Justice to apply for compulsion orders in which the government attorneys, in setting forth the basis for said request, referred to suspicions or allegations of the government, or its agencies, with respect to the involvement of the witness in the allegations set forth in the indictment;

2. Any assistance, financial or otherwise, provided by any attorney or agent of the government to any witness for any reason, including assistance with local or federal law enforcement agencies, or any other agency of federal, state, or local government;

3. The criminal identification and history sheet of each potential government witness;

4. The existence and identification of each occasion on which the witness has testified before any court, grand jury, or other tribunal or body or otherwise narrated in relation to the defendant, the investigation or the facts of this case;

5. The existence and identification of each occasion on which each witness who is an informer, accomplice, co-conspirator, or expert has testified before any court, grand jury, or other tribunal or body;

6. Any criminal charges pending against any potential government witness which have not been disposed of either by conviction and sentence or acquittal;

7. Any criminal activity in which a potential government witness has engaged which has not resulted in prosecution or conviction;

8. All mental, psychiatric, or drug abuse and dependency records of any individuals who are intended to be called as witnesses insofar as said reports relate to said individual's ability to be truthful, forthright and honest as a witness and to know, hear, see, tell, and relate facts which occur in their presence as such is in the

possession, custody, or control or is known to the government or as may become so known through the exercise of due diligence on the part of the government; and

9. Any handwritten notes, made contemporaneously or otherwise, memoranda, correspondence, transcripts, statements, or other memorialization pertaining to witnesses, potential witnesses, or individuals otherwise interviewed by the government who claimed to have knowledge or information concerning the allegations set forth in the indictment, in which the witness or interviewee stated in substance that he or she was unaware of Defendant's involvement in the allegations set forth in the indictment, questioned the veracity of any prior identification of the Defendant, or that the activities in which Defendant is alleged to have participated did not take place.

The Government filed a response in opposition to Vallodolid's motion on July 24, 2017, and Vallodolid filed a reply on August 1, 2017. The Government filed a second response on August 7, 2017.

*Discussion*

The Government must disclose any evidence favorable to a defendant if the evidence is material to either guilt or punishment. **Brady v. Maryland,** 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The *Brady* obligation extends to evidence that tends to impeach a government witness' credibility, so long as this evidence is material to the outcome of the trial. **Giglio v. United States,** 405 U.S. 150, 154, 92 S.Ct. 763, 766, 31 L.Ed.2d 104 (1972); **United States v. Bagley,** 473 U.S. 667, 676, 105 S.Ct. 3375, 3380, 87 L.Ed.2d 481 (1985); **Barkauskas v. Lane,** 878 F.2d 1031, 1033 (7th Cir. 1989). Evidence is "material" if there is a reasonable probability that its disclosure would change the outcome of the trial. **Bagley,** 473 U.S. at 682, 105 S.Ct. at 3383. The Supreme Court in **United States v. Agurs**, 427 U.S. 97, 110 (1976), reaffirmed that under *Brady*, evidence need be disclosed only if it is material and expressly rejected the argument that defense should have unfettered or complete access to the Government's files.

To the extent that Vallodolid's request for information falls within the scope of *Brady*, the Government has indicated that it intends to comply with the obligations pursuant to *Brady*, *Giglio*, and § 3500 material, as well as Rule 16 discovery obligations. It has been repeatedly held that where the Government has made assurances it will comply with *Giglio* and *Brady,* those assurances are sufficient. *See* ***Strickler v. Greene,*** 527 U.S. 263, 283 n. 23, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999). The Government has indicated that it has provided all *Brady* material that is known at this time.

The Seventh Circuit has made it clear that there is nothing in *Brady* that requires the Government to disclose prematurely material impeachment evidence, immunity agreements, or preferential treatment given to prosecution witnesses in exchange for their testimony before trial. ***United States v. McPartlin,*** 595 F.2d 1321, 1346 (7th Cir.), cert. denied, 444 U.S. 833, 100 S.Ct. 65, 62L.Ed.2d 43 (1979). Further, the Government has indicated that Vallodolid has access to the publicly filed plea agreements of many defendants in this case and that it has turned over criminal history sheets of many defendants in this case.

Vallodolid contends that witness statements are necessary and material to the defense of his case. However, this request exceeds the parameters of the Jencks Act. Section 3500(a) provides, in pertinent part, that "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of ... discovery ... until said witness has testified on direct examination...." **18 U.S.C. § 3500(a).** The Government is not required to provide a defendant with a list of all prospective government witnesses. ***United States v. Napue,*** 834 F.2d 1311, 1317 (7th Cir. 1987).

Vallodolid has failed to establish that any of these rules require disclosure of the requested material at this time. Also, the Government has indicated that it is aware of its discovery obligations and *Brady*, *Giglio*, § 3500, and Jencks obligations, and that it intends to comply with them.

Based on the foregoing reasons, the Renewed Motion for Disclosure of Favorable Evidence [DE 892] is **DENIED as MOOT.**

ENTERED this 15th day of August, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge