UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CAUSE NO. 2:15-CR-72 |
| ) | |
| DARRICK VALLODOLID, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter is before the court on the Second Motion for Bill of Particulars [DE 909] filed by the defendant, Darrick Vallodolid, on July 19, 2017. For the following reasons, the motion is **DENIED.**

*Background*

The defendant, Darrick Vallodolid, has been charged in the Second Superseding Indictment and the Third Superseding Indictment. The Third Superseding Indictment was filed on January 19, 2017. He is currently charged with conspiracy to participate in racketeering activity in violation of 18 U.S.C. § 1962(d) and conspiracy to possess with intent to distribute and to distribute cocaine and marijuana in violation of 21 U.S.C. § 846.

Count 1 of the Third Superseding Indictment has alleged that Vallodolid along with twenty-five co-defendants were members of the "Almighty Latin Kings Nation" and that they conspired and participated both directly and indirectly in the acts of murder, attempted murder, robbery, intimidation, aggravated battery, aggravated assault, sex trafficking, and narcotics distribution. The indictment set forth fifty overt acts that were committed in furtherance of the conspiracy.

On June 13, 2017, the Government filed the Notice of Intent to Introduce Enterprise Evidence [DE 824]. The Notice indicated that the Government intends to introduce as evidence at trial that on April 12, 2009, Vallodolid shot and killed Victor Lusinski, who he believed was a rival gang member. Also, on July 7, 2017, the Government filed a second Notice of Intent to Introduce Enterprise Evidence [DE 875] and the Supplemental Notice of Enhanced Sentencing [DE 876], which included additional overt acts regarding Vallodolid.

The pending motion has requested that the Government identify all overt acts committed by Vallodolid that it intends to introduce at trial. Also, the motion has requested that the Government provide the particulars regarding each alleged overt act, including but not limited to the act itself, the location, time, and date that it occurred, and any individuals other than Vallodolid who allegedly were involved or witnessed the act. The Government filed a response in opposition to Vallodolid's motion on July 25, 2017. Vallodolid has not filed a reply and the time to do so has passed.

*Discussion*

**Federal Rule of Criminal Procedure 7(f)** provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

In determining whether to grant the bill of particulars, "[t]he standard is whether the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." **United States v. Canino**, 949 F.2d 928, 949 (7th Cir. 1991). *See also* **United States v. Vaughn**, 722 F.3d 918, 927 (7th Cir. 2013); **United States v. Fassnacht**, 332 F.3d 440, 446 (7th Cir. 2003); **United States v. Glecier**, 923 F.2d 496, 501 (7th Cir. 1991); **United States v.**

*Andrus*, 775 F.2d 825, 843 (7th Cir. 1985). A defendant only is entitled to know the offense with which he is charged, not all the evidence of how it will be proved. *See United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981). The indictment is not required to "detail every factual nugget necessary for conviction", nor is it required to "allege in detail the factual proof that will be relied on to support the charges." *United States v. Smith*, 230 F.3d 300, 306 (7th Cir. 2000).

The Seventh Circuit has held that a bill of particulars is not necessary when an indictment lays out the elements of the charged offenses, gives sufficient notice of the charges to allow the defendant to prepare a defense, gives the time and place of the accused's allegedly criminal conduct, and cites the applicable statute or statutes. *Vaughn*, 722 F.3d at 927; *See also United States v. Hernandez*, 330 F.3d 964, 975 (7th Cir. 2003); *Fassnacht*, 332 F.3d at 446. The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved. *Fassnacht,* 332 F.3d at 466 (quoting *United States v. Kendall,* 665 F.2d 126, 135 (7th Cir. 1981)). The key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation. *Vaughn*, 722 F.3d at 927 (quoting *United States v. Blanchard,* 542 F.3d 1133, 1140 (7th Cir. 2008)).

In making this determination, the court is not required to consider only the indictment. The information may be provided to the defendant through "some other satisfactory form." *Canino,* 949 F.2d at 949 (the government had maintained an "open-file" policy); *Fassnacht*, 332 F.3d at 447 ("the government in this case provided the defendants with extensive pretrial discovery, giving them full access to all documentary evidence in the government's possession, thus further obviating the need for a bill of particulars"); *Glecier,* 923 F.2d at 501-02 (a "volume

of documents and records" had been provided by the government during discovery). Adequate discovery can "satisfy the need for a bill of particulars." *Vaughn*, 722 F.3d at 928.

For a RICO conspiracy, the Government "need only charge -- after identifying a proper enterprise and the defendant's association with that enterprise -- that the defendant knowingly joined a conspiracy the objective of which was to operate that enterprise through an identified pattern of racketeering activity." *Glecier,* 923 F.2d at 500.

The only alleged overt act contained in the indictment regarding Vallodolid was a firearms-possession charge in 2008. However, the Notices provided by the Government have identified seven additional overt acts that the Government intends to use against Vallodolid at trial. Vallodolid has argued that the indictment has failed to identify the pertinent overt acts that he allegedly committed in support of the RICO and drug conspiracy charges. Also, Vallodolid has argued that the newly disclosed overt acts are vague and do not identify any particulars of the alleged acts. Therefore, Vallodolid has requested that the Government disclose the additional overt acts it intends to use at trial and the particulars of each alleged overt act, including the time, location, date, and who was involved.

The Government, in response to Vallodolid's request, has indicated it has identified the overt acts it intends to use at trial. Further, the Government has argued that Vallodolid's request for particulars about the alleged overt acts is without merit. The Government contends that providing the information requested by Vallodolid would amount to an outline of the Government's proof at trial and goes beyond what is required to prove racketeering conspiracy in violation of 18 U.S.C. 1962(d). Further, the Government has indicated that the Third Superseding Indictment, the extensive discovery, and the Notices provide sufficient information to apprise Vallodolid of the charges against him.

As indicated in the court's denial of Vallodolid's first request for a bill of particulars, Count 1 of the Third Superseding Indictment has provided information regarding the Latin Kings and its purpose, the primary actors, the means and methods of the racketeering activity, the location where the enterprise is located, and acts including murders, attempted murders, and robberies. *See Glecier,* 932 F.2d at 502 (affirming the district court's denial for a bill of particulars in a RICO conspiracy case where the indictment set forth "the time period, the enterprise, the locations, the names of the primary actors, and the method, means, and nature of the racketeering activity.") Also, the Notices of Intent to Introduce Enterprise Evidence and Supplemental Notice of Enhanced Sentencing have provided information about the additional overt acts the Government intends to use, which includes the approximate time periods of the incidents.

Further, the Government has provided extensive discovery to Vallodolid. The Government has indicated that discovery included the time, place, and circumstances of acts of violence and narcotics trafficking, identities of potential witnesses, evidence obtained and inventoried, photographs and video recordings, and reports regarding the investigation. The Seventh Circuit has held that a bill of particulars is unnecessary if the information the defendant seeks is available through discovery. *Vaughn*, 722 F.3d at 927. "Discovery, not a bill of particulars, is the means by which a defendant is informed of what evidence the government possesses to evidence his involvement in a conspiracy...." **United States v. Rodriguez,** 2009 U.S. Dist. LEXIS 38695, 13–14, 2009 WL 1110415 (E.D. Wis. 2009); **U.S. v. Arms**, 2015 WL 3513991, at *11 (E.D. Wis. 2015).

The Government has argued that a bill of particulars is unnecessary to know what act or acts the defendant is alleged to have carried out. A violation of § 1962(d) does not require proof

that the defendant committed two predicate acts of racketeering, that he commit two predicate acts, or that any such acts were ultimately committed by anyone. *United States v. Tello,* 687 F.3d 785, 792 (7th Cir. 2012). Therefore, the indictment does not need to allege or prove overt acts or specific predicate acts that Vallodolid agreed to commit for a section 1962(d) offense. *Glecier,* 932 F.2d at 500.

Finally, Vallodolid has argued that a bill of particulars is necessary to plead double jeopardy against future prosecutions. The purposes of a bill of particulars is to allow the defendant to avoid double jeopardy in the event of a subsequent prosecution for the same offense. *See United States v. Roman,* 728 F.2d 846, 856 (7th Cir. 1984). However, the Seventh Circuit has held that a RICO violation is not the "same offense" as the predicate acts used to substantiate that violation for purposes of the multiple prosecution prong of the Double Jeopardy Clause. *United States v. Cyprian,* 23 F.3d 1189, 1198 (7th Cir. 1994); *United States v. O'Connor,* 953 F.2d 338, 344 (7th Cir.), *cert. denied,* 504 U.S. 924, 112 S.Ct. 1979, 118 L.Ed.2d 578 (1992). Vallodolid does not face the danger of subsequent prosecution, which is an argument to raise when the government has alleged multiple conspiracies where it should have charged one. *U.S. v. Townsend,* 924 F.2d 1385, 1411 (7th Cir. 1991). The court finds that Vallodolid has been sufficiently apprised of the charges to enable him to prepare for trial.

Based on the foregoing reasons, the Second Motion for Bill of Particulars [DE 909] is **DENIED.**

ENTERED this 15th day of August, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge